**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MOUNT, SPELMAN & FINGERMAN, P.C., | § § § § | |
| v. | § | Case No. 2:14-cv-0013-JRG |
| GEOTAG, INC., et al. | § § § | |
| GEOTAG, INC. | § § § | |
| v. | § § | Case No. 2:14-CV-558-JRG |
| MOUNT, SPELMAN & FINGERMAN, P.C. | § § § | |

## GEOTAG'S BRIEF ON INDEFINITENESS OF LIEN

Jeffrey M. Tillotson, P.C.
Texas Bar No. 20039200
**LYNN TILLOTSON PINKER & COX, LLP**
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839
Email: jmt@lynnllp.com

**COUNSEL FOR DEFENDANTS GEOTAG, INC.,
JOHN W. VEENSTRA AND ELIZABETH A. MORGAN**

September 10, 2014

TO THE COURT:

At the September 3, 2014, hearing in his matter, the Court expressed concern about the indefiniteness of the debts asserted by MSF against GeoTag, including the origin of the specific debts alleged by MSF in its lawsuit against GeoTag. *See* Hearing Transcript at 27, 34. This concern was based, at least in part, on MSF's counsel's statement during the hearing that MSF had not allocated its hours among the various cases brought by GeoTag and that, therefore, MSF was not in a position to identify the amount of recovery it is allegedly owed for each particular case, whether based on a contingent fee or hourly calculation.[1] *See* Hearing Transcript at 32-33. Accordingly, MSF's inability (or unwillingness) to allocate its attorney's fees claims among GeoTag's cases has caused the current impasse: MSF claims it has a lien on *all* proceeds of *all* of GeoTag's concluded and pending matters and therefore GeoTag has no right to recover *any* portion of those proceeds until MSF's lien claim has been resolved on a global basis.

The Court's concern about the origin of the debts alleged by MSF – and, consequently, which specific "matter" is collateral for which specific attorney's fees debt – is central to the enforceability of the MSF's attorney's fees lien under Texas law. No Texas court has held that an attorney may obtain an enforceable attorney's fee lien on Matter "A" to secure the payment of its attorney's fees in Matter "B," much less that an attorney may ask his or her client to agree to a global, cross-collateralized lien that would have the effect of tying up proceeds from all cases until all those cases have been resolved.

---

[1] MSF's counsel did admit that MSF could not recover any fees in cases where GeoTag received no recovery. Hearing Transcript at 29-30.

---

While no Texas case has applied Texas UCC Article 9 in the context of a contractual attorney's fees lien, the Texas UCC does provide some useful guidance here.[2] If the Court applies Article 9, then the Court should invalidate MSF's lien because Paragraph 7 of the Fee Agreement does not reasonably identify the collateral subject to MSF's alleged lien, as required by Texas UCC § 9.108(a). *See Orix Credit Alliance, Inc. v. Omnibank, N.A.*, 858 S.W.2d 586, 592-93 (Tex. App.—Houston [14th Dist.] 1993) (invalidating security agreement under former version of Texas UCC § 9.108). The purpose of requiring a description of collateral in a security agreement is evidentiary. Tex. Bus. & Com. Code § 9.108, cmt. 2. "The test of sufficiency under this section . . . is that the description does the job assigned to it: make possible the identification of the collateral described." *Id.*

Here, the first sentence of paragraph 7 purports to grant MSF a lien on "all proceeds from these matters," but it does not identify which matters (plural) it is referring to, and "matters" is not otherwise a defined term in the Fee Agreement. GeoTag App. 9. Then, the third sentence of paragraph 7 states broadly and confusingly that the "lien will attach to any consideration that you have the right to receive that relates to or arises ***from this matter*** [singular] in any way or obtained by any means, including by transaction, settlement or judgment." *Id.* This description is so vague that it is impossible to identify the "matters" subject to MSF's alleged security interest, including whether it covers only concluded matters, currently pending matters, or future matters. That is not to mention that Texas UCC § 9.108(e)(1) provides that simply describing collateral by type is insufficient when that collateral is a "commercial tort claim," which the "matters"

---

[2] Specifically, Section 9.109(a)(1) of the Texas UCC provides that Article 9 applies to "a transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract," subject to certain exceptions contained at subsections (c), (d), and (e) of that same section. *See* Tex. Bus. & Com. Code § 9.109(a)(1). Section 9.109 at subsection (d)(2) then provides that it does not apply to liens, other than agricultural liens, given by statute or by "other rule of law for services or materials[.]" If an attorney's fee lien is a lien given by "other rule of law for services," then Article 9 would not apply. But, that said, no Texas court has determined whether this exclusion would exempt an attorney's fee lien from the application of Article 9.

clearly are. Tex. Bus. & Com. Code §§ 9.102(13)(A), 9.108(e)(1), cmt. 5  Under these circumstances, if the Court were to follow the Texas UCC, the Court should determine that the Fee Agreement's description of the collateral is insufficient under Texas UCC § 9.108(a) and (e)(1).

That said, the main cases relied upon by MSF do not support MSF's global lien claim in any event. Instead, these cases suggest that MSF may only assert a limited attorney's fees lien for the specific amount owed from the specific case. In each of the cases relied upon by MSF, the attorney sought to recover his specific compensation owed from the specific matter in which the attorney provided services to the client. Thus, there is no support for the notion that an attorney may seek to recover fees due from Matter "A" by asserting a lien on proceeds from Matter "B," nor that the attorney may claim a lien on more than what he is owed in that specific case. Further, in each of those cases, the courts either did not consider or outright rejected the attorney's claim of having a contractual lien at all, even on the specific funds recovered by the lawyer for his client. Thus, MSF's legal support for its contractual lien is dicta, at best; and no court has validated the type of global lien sought to be imposed by MSF here.

The main case cited by MSF, *Mandell & Wright*, illustrates each of these points: in that case, which dealt with a lawyer's right to recover his contingent fee when he was discharged without good cause, the law firm sought to recover only its one-third contingent fee owed from the specific matter in which it represented the widow plaintiff. *Mandell & Wright v. Thomas*, 441 S.W.2d 841, 847 (Tex. 1969). There was no consideration of any contractual lien rights – much less global lien rights – in that case. *Id.*

In *U.S. v. Betancourt*, the attorney seeking to recover his fees attempted to do so from the specific settlement funds that the attorney helped recover for his client. No. Crim. B-03-090-S1,

2005 WL 3348908, at *1 (S.D. Tex. Dec. 8, 2005). The district court in that case nevertheless rejected the attorney's request because it found that the lawyer did not have a contractual lien on those proceeds. *Id.* at *4-5.

Similarly, in *Strickland v. Sellers*, the lawyer intervened in the underlying lawsuit from which his alleged fee interest arose. 78 F.Supp. 274, 275-76 (N.D. Tex 1948). The district court ultimately dismissed the intervenor lawyer's claim on jurisdictional grounds, without reaching the merits of the lawyer's claim for fees. *Id.* Although the court noted in dicta that Texas law permits contractual attorney's fees lien, the court determined that the lawyer at issue did not have a contractual lien in his fee agreement. *Id.* at 277-78 ("The memorandum does not purport to fix any contractual lien or cause of action.").

Likewise, in *In re Willis*, the contingency fee attorney requested bankruptcy court approval to have his contingent fee paid from a settlement check in the attorney's possession. 143 B.R. 428, 431-32 (E.D. Bankr. 1992). As with the prior cases cited above, the bankruptcy court ultimately denied the attorney's request to be paid. *Id.* Nowhere in the *Willis* case did the bankruptcy court even consider whether the contingency fee attorney had a valid contractual lien in his fee agreement with his client. *Id.* at 432-33.

Last, in *Johnston v. California Real Estate Inv. Trust*, the lawyer intervened in the specific case in which he had the fee interest. 912 F.2d 788 (5th Cir. 1990). But nowhere in that case did the Fifth Circuit consider or validate any contractual attorney's fees lien. *Id.*

From these cases, the Court can draw two overriding principles when it comes to asserting contractual attorney's fees liens in Texas. To the extent that they are enforceable at all under Texas law, an attorney's fee lien related to Matter "A" is limited solely to the specific fees incurred in and related to Matter "A." And, there is no support for the notion that an attorney

_____
GEOTAG'S BRIEF ON INDEFINITENESS OF LIEN                                                                                              Page 4
02642.401/4834-5423/3630

may assert an attorney's fee lien in a case where the attorney never provided any services. Indeed, the bankruptcy court's discussion of an attorney's right to assert an equitable lien under Texas law makes clear that such a lien arises out of the attorney's services rendered in that specific case. *In re Willis*, 143 B.R. at 432-33.

To the extent that the Court may find it persuasive, California state bar rules require that California lawyers such as MSF who assert a lien in a client's settlement proceeds must promptly pay or deliver any undisputed amount of the settlement proceeds to his or her client. CA. Eth. Op. 2009-177 (Cal. St. Bar. Comm. Prof. Resp.), 2009 WL 2480735. Following this instruction from the California ethics authorities, MSF must agree to allow GeoTag to receive the undisputed amount of any contingent fee settlement pending the resolution of this lawsuit.

Given this law, the Court's concern that MSF is simply asserting a blanket lien to enforce a nebulous debt that has not been specified, identified or quantified is well-founded. There is no right under the cases relied upon by MSF for MSF to assert that type of lien or for the Court to enforce that type of lien. Instead, as explained above, the cases suggest that any lien asserted by MSF must be limited to the specific amount of fees due from that specific case, such that MSF would only be seeking the fees related to Matter "A" from the proceeds recovered from Matter "A." Indeed, the second sentence of paragraph 7 of the Fee Agreement states that MSF's lien "will be for any amounts owing to us," which suggests that MSF has a lien only to the extent that MSf has a right to recover that portion of the settlement proceeds. Further, MSF would not in any event be able to assert any attorney's fees lien on cases where MSF did not work, such as the Delaware and Yellowpages.com litigation excluded from the MSF-GeoTag Fee Agreement.

———————————————————————————————————————————————————————————————
GEOTAG'S BRIEF ON INDEFINITENESS OF LIEN                                                   Page 5
02642.401/4834-5423/3630

DATED: September 10, 2014  Respectfully submitted,

_____
Jeffrey M. Tillotson, P.C.
Texas Bar No. 20039200
**LYNN TILLOTSON PINKER & COX, LLP**
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839
Email: jmt@lynnllp.com

**COUNSEL FOR DEFENDANTS GEOTAG, INC., JOHN W. VEENSTRA AND ELIZABETH A. MORGAN**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on September 10, 2014 with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3).

_____
Jeffrey M. Tillotson, P.C.